1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL DE LA TORRE,                              No. 1:25-cv-01516-DJC-CSK

12                     Petitioner,

13           v.                                        ORDER

14    TODD M. LYONS, et al.,

15                     Respondents.

16

17

18          Petitioner Raul De la Torre is presently in the custody of the United States

19    Immigration and Customs Enforcement ("ICE").  Petitioner entered the United States

20    over thirty years ago, and in the years that followed was recruited by federal

21    immigration agents to work as a confidential informant in immigration and criminal

22    investigations.  Petitioner was issued two I-210 Voluntary Departure Forms but was

23    told by agents to ignore it because of his informant role.  The I-210 Forms had

24    stamped I-94 boxes, which agents explained was evidence of Petitioner being

25    "paroled in" and authorized to stay in the United States while assisting them.

26    Petitioner has since resided in the United States with his family.  Petitioner is eligible to

27    receive a Green Card and has applied for an adjustment of status.  Petitioner

28    appeared for his Green Card interview where ICE agents arrested and detained him.

1  He was later released on a writ of Habeas Corpus by order of a Northern District

2  Judge, which was later vacated for lack of jurisdiction.  A few weeks later, Petitioner

3  was summoned by ICE to appear for a "check-in" appointment where he was again

4  arrested and detained.  Petitioner filed another Habeas Petition in the Eastern District

5  of California along with the instant Motion for Temporary Restraining Order, arguing

6  that his present detention violates various constitutional rights and violates the

7  Administrative Procedure Act ("APA").  For the reasons stated below the Court DENIES

8  Petitioner's Motion for Temporary Restraining Order.

9  **BACKGROUND**

10  Petitioner is an adjustment of status seeker from Mexico, (Pet (ECF No. 1) ¶ 2)

11  who entered the United States in 1990 (*Id.* ¶ 5).  In the years that followed, Petitioner

12  was recruited by federal immigration agents from the Immigration and Naturalization

13  Service ("INS") to work as a confidential informant in immigration and criminal

14  investigations.  (*Id.*)  Petitioner explains that agents induced his cooperation through

15  repeated promises of protection, legal status, and safety for himself and his family.

16  (*Id.*)  In 1994, INS issued Petitioner two Voluntary Departure Forms, I-210, one dated in

17  July 1994 and another in October 1994.  (ECF No. 3-5, Ex. C.)  Petitioner alleges that

18  agents told him to ignore the I-210s as he would be allowed to remain in the United

19  States because of his role.  (Pet. ¶ 6.)  Petitioner alleges that the agents told him the

20  checked I-94 box on the I-210 Forms evidenced that he was "paroled in" and

21  authorized to remain in the United States while assisting them.  (*Id.* citing ECF No. 1-2,

22  Ex. B.)  Petitioner alleges that he worked as an undercover informant from 1994 to

23  2000.  (*Id.* ¶ 7.)

24  Presently, Petitioner is eligible to receive a Green Card and has applied for an

25  adjustment of status.  (*Id.* ¶ 10.)  His case is still pending.  (*Id.*)  Petitioner alleges that

26  the stamped I-94 form is well-accepted evidence that Petitioner was paroled in or

27  admitted and inspected, which are prerequisites to have an adjustment of status

28  approved.  (*Id.* ¶ 11.)  Petitioner appeared for his Green Card interview on October

2

1    16, 2025, and alleges that the examining officer failed to provide him with a "Request

2    for Evidence" – which he alleges are routinely offered in adjustment of status cases –

3    and continued his case.  (*Id.* ¶ 12.)  Upon conclusion of the meeting, Petitioner was

4    arrested by armed ICE agents.  (*Id.* ¶ 13.)  A Notice to Appear was filed on this day,

5    indicating that Petitioner was subject to removal proceedings as he is "an alien

6    present in the United States who has not been admitted or paroled."[1]  (NTA (ECF No.

7    12-1, Ex. A)  at 1.)

8         Petitioner was detained and later released pursuant to an order issued by a

9    Northern District Judge.  (Mot. TRO (ECF No. 3) ¶ 13.)  However, upon later review,

10   the Northern District Court vacated the order for lack of jurisdiction.  (ECF No. 9-2.)

11   On November 7, 2025, Petitioner was summoned by ICE for a "check in appointment"

12   where he was again arrested and detained.  (Mot. TRO ¶ 13; Opp'n at 2 citing Guerra

13   Decl. (ECF No. 9-1) ¶ 11.)  Petitioner alleges that his arrest was premised on an

14   outstanding deportation order, but that no outstanding deportation orders actually

15   exist.  (Mot. TRO ¶ 13.)  Respondents allege that Petitioner entered the United States

16   without being inspected, admitted or paroled by an immigration officer and is subject

17   to detention pursuant to INA § 235(b)(2)(A) and remains in ICE custody.  (Guerra Decl.

18   ¶¶ 8, 11; Mot. TRO ¶ 18.)

19        Petitioner filed a Petition for Writ of Habeas Corpus and the instant Motion for

20   Temporary Restraining Order and Preliminary Injunction.  The Motion for Temporary

21   Restraining Order is now fully briefed.  (Opp'n; Reply (ECF No. 10); Def. Supp. Brief

22   (ECF No. 13); Pet. Supp. Brief (ECF No. 15).)  The Court held oral argument on

23   November 17, 2025, and the matter was submitted.

24   ////

25   ////

26

27   [1] At oral argument, Petitioner raised the issue of the timing between the filing of the Notice to Appear
     and his arrest.  Petitioner alleges that he was arrested around 10 a.m. on October 16, 2025, (Mot. TRO

28   ¶ 20) while the Notice to Appear was not filed until a few hours later.

1

**LEGAL STANDARD**

2      To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of

3   success on the merits; (2) likelihood of irreparable harm in the absence of preliminary

4   relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the

5   public interest.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a

6   plaintiff can only show that there are 'serious questions going to the merits' – a lesser

7   showing than likelihood of success on the merits – then a preliminary injunction may

8   still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other

9   two *Winter* factors are satisfied.'"  *All. for the Wild Rockies v. Pena,* 865 F.3d 1211,

10   1217 (9th Cir. 2017) (citation omitted).  The final two factors "merge when the

11   Government is the opposing party."  *Nken v. Holder,* 556 U.S. 418, 435 (2009).

12

**DISCUSSION**

13      Petitioner brings three claims against Respondents alleging arbitrary and

14   capricious agency action in violation of the Administrative Procedure Act ("APA"), and

15   for substantive and procedural due process claims in violation of the Fifth

16   Amendment.  (*See generally* Pet.)  At oral argument, Petitioner also alleged a violation

17   of the Fourth Amendment.  Respondents argue that Petitioner is unlikely to succeed

18   on the merits of his claims because (1) Petitioner is pending removal proceedings and

19   subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and (2) Petitioner has

20   been subjected to only a brief detention as removal proceedings are scheduled for

21   the end of November 2025.  (Opp'n at 3.)

22      Petitioner's Motion for Temporary Restraining Order primarily argues under the

23   Due Process Clause, he was entitled to a hearing or fair adjudication before a neutral

24   decisionmaker prior to his detention.  (Mot. TRO at 3.)  Petitioner argues that

25   immigration officials previously found him to be appropriate for non-prosecution

26   based on his role as a confidential informant, and therefore he has a liberty interest

27   that demands due process.  (*Id.* at 4.)  Respondents argue that this "decades-old and

28   brief cooperation" with immigration authorities was a limited accommodation which

1  Petitioner admits to overstaying and does not support a due process claim.  (Opp'n at

2  4-5.)

3       Immigration officials may release a noncitizen on parole.  Under 8 U.S.C.

4  § 1182(d)(5)(A), a person may be temporarily paroled on a case-by-case basis for

5  urgent humanitarian reasons, or for significant public benefit.  A person may also be

6  conditionally released under 8 U.S.C. § 1226(a) and is usually released on their own

7  recognizance subject to certain conditions.  Section 1182(d)(5)(A) reads, in part,

8

9          [W]hen the purposes of such parole shall, in the opinion of
            the Secretary of Homeland Security, have been served the
10          alien shall forthwith return or be returned to the custody
            from which he was paroled and thereafter his case shall
11          continue to be dealt with in the same manner as that of any
            other applicant for admission to the United States.
12

13  Here, Petitioner contends that he was paroled into the United States based on his

14  agreement to assist the government in a confidential informant role for "significant

15  public benefit".  This is supported by documentation of an I-213 Form indicating that

16  Petitioner was going to cooperate with the government (ECF No. 3-5, Ex. B) and two I-

17  210 Forms with dates by which Petitioner was to voluntarily deport (ECF No. 3-5, Ex.

18  C).  The I-210 Forms both have stamped I-94 boxes.  (*See id.*)  Together, these

19  documents indicate that the "purpose" of his parole was to assist with federal

20  investigations.

21       Respondents argue that at the end of Petitioner's time assisting government

22  officials, the purpose of his parole was terminated.  (*See* Opp'n at 5.)  Respondents

23  point to the dates in the I-210 Forms as evidence of an explicit time by which

24  Petitioner had to depart.  (*Id.* citing ECF No. 3-5, Ex. C.)  Petitioner argues that his

25  parole should have been terminated in writing but has not shown why the dates in the

26  I-210 Forms do not constitute a specified period of parole, which would not require

27  written notice of termination.  *See* 8 C.F.R. § 212.5(e)(1).  Petitioner notes that he had

28

1   his parole extended and received a work permit during the time he was a confidential

2   informant (Reply at 3,) but has not pointed to evidence showing that the parole

3   extended beyond the dates in the I-210 Forms.[2]  Moreover, Petitioner himself states

4   that he "overstayed [his] permission to remain in the United States after [his] work as

5   an Informant for Immigration was over."  (ECF No. 3-4 at 65.)  Because Petitioner has

6   not met his burden in showing that the termination was improper, he is subject to

7   "return or be returned to the custody from which he was paroled."  8 U.S.C.

8   § 1182(d)(5)(A).  Under the current facts and discussion provided to the Court, and

9   absent argument from Petitioner that § 1226 is applicable, Petitioner would appear to

10  be subject to mandatory detention under Section 1225(b)(2).  *See Jennings v.*

11  *Rodriguez,* 583 U.S. 281, 288 (2018) (explaining that noncitizens under 1225(b) may

12  be released under section 1182(d)(5)(A)).  Given that Petitioner is likely subject to

13  mandatory detention and has been ordered removed, at this stage of the

14  proceedings Petitioner has not established arbitrary or capricious action or a

15  cognizable liberty interest, and thus no serious questions or a likelihood of success on

16  the merits as to Petitioner's claims.[3]  Accordingly, the Court DENIES Petitioner's

17  Motion.  *See California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018).

**CONCLUSION**

19      For the reasons stated above, the Court DENIES Petitioner's Motion for

20  Temporary Restraining Order (ECF No. 3) and ORDERS the following briefing

21  schedule: Petitioner shall file a Motion for Preliminary Injunction by 11/26/2025;

22  Respondents shall file an Opposition by 12/3/2025; and Petitioner may file a Reply by

---

[2] The Court notes that Petitioner references working with the government until 2000, but Petitioner has not included evidence to counter the Respondents argument that his parole was completed by the dates in the provided I-210 Forms.

[3] As Petitioner failed to make a Fourth Amendment argument in either his Petition or Motion for a Temporary Restraining Order and Preliminary Injunction, the Court need not address it.  Based on the information provided at oral argument, however, it would appear that any issue with the Notice to Appear being filed after Petitioner was detained, his subsequent release and re-detention would have rectified it.  Petitioner may provide further argument on this issue in future briefing.

12/8/2025.  The Court will order a further hearing on the matter should it determine one is necessary.

IT IS SO ORDERED.

Dated:   **November 19, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – DelaTorre25cv01516.tro

7