UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DE LA TORRE, | No. 1:25-cv-01516-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| TODD M. LYONS, et al., | |
| Respondents. | |

On November 20, 2025, this Court denied Petitioner's Motion for Temporary Restraining Order and ordered further briefing on a motion for preliminary injunction. (TRO (ECF No. 16).) Presently before the Court is Petitioner's Motion for Preliminary Injunction seeking an order that grants Petitioner's immediate release from ICE custody pending final adjudication, enjoins DHS and ICE from removing Petitioner from the United States while his case is pending. (Mot. PI (ECF No. 17).) Alternatively, Petitioner seeks a bond hearing as soon as possible. Respondents oppose Petitioner's motion. (Amended Opp'n (ECF No. 20).) Petitioner filed a Reply. (Reply (ECF No. 21).) For the reasons discussed below, the Court DENIES Petitioner's Motion.

////

**LEGAL STANDARD**

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The party seeking a preliminary injunction must establish (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Id.* at 20. In cases where "the Government is the opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips <u>sharply</u> in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (emphasis in original)).

**DISCUSSION**

**I.    Likelihood of Success on the Merits**

Petitioner's Habeas Petition raises three claims for relief for violations of substantive and procedural due process of the Fifth Amendment, and for arbitrary and capricious action in violation of the Administrative Procedures Act ("APA") by denying Petitioner the ability to provide additional legal analysis to support his adjustment of status interview. (*See generally* Habeas Petition (ECF No.1).) Petitioner also alleges a violation of the Fourth Amendment. (Mot. PI at 8.) Previously, the Court denied Petitioner's motion for temporary restraining order because Petitioner had not demonstrated that his parole was terminated improperly such that he would not be subject to section 1225 custody. (TRO at 6.)[1]

---

[1] Petitioner cites to *Matter of Areguillin* and *Matter of Quilantan*. These discussions appear to go to the question of whether parole was initially granted and does not address the question of termination.

2

Beginning with the question of arbitrary and capricious agency action, Petitioner continues to argue that his parole was not terminated in accordance with the law.  (Mot. PI at 6–7.)  Petitioner references 8 C.F.R. § 212.5(e)(2)(i) which states, in part

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

Petitioner has not addressed this Court's prior concerns as to why the circumstances here do not fall under paragraph (e)(1).  Thus, the Court rejects the parole termination argument on the same grounds as before.

In the Reply, Petitioner also raises the issue of whether he is subject to section 1225 or section 1226.  Petitioner now argues that section 1225 does not apply because he was not inspected by immigration officials when arriving in the United States in 1990 and was arrested in the United States following his Green Card interview.  (Reply at 4–5.)  However, at oral argument Petitioner alleged that in the 1990s, agents granted him significant public benefit parole pursuant to section 1182(d)(5)(A).  This indicates that the relevant statutory basis for his detention is section 1225(b)(2).  The termination of Petitioner's parole means that he was "returned to the custody from which he was paroled."  *See Villanueva v. Chestnut,* No. 1:25-cv-01218-KES-HBK, 2025 WL 2996559, at *4 (E.D. Cal. Oct. 24, 2025).

Individuals subject to section 1225(b) are not without due process rights.  *See Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent [ ]'"); *Doe v. Becerra,* 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under section

3

1225(b)(1)). Here, however, Petitioner's circumstances are complicated by the fact that he was issued I-210 forms with specified departure dates with which he did not comply. Under the facts presently before the Court, Petitioner has not established a cognizable liberty interest.

Finally, the Court finds that Petitioner is unlikely to succeed on the merits of the Fourth Amendment claim. Petitioner argues that DHS violated the Fourth Amendment by arresting Petitioner prior to filing the Notice to Appear. (Mot. PI at 8.) Respondents argue that the authority for ICE's arrest comes from statute rather than from the moment a Notice to Appear is filed. (Amended Opp'n at 7.)

Here, Petitioner was first arrested on October 16, 2025, and the Notice to Appear was filed that same day but a few hours after the Petitioner's arrest. (Mot. PI at 8; Habeas Petition ¶ 22.) Pursuant to the Northern District's order, Petitioner was subsequently released on October 20, 2025. (Mot. TRO (ECF No. 3) ¶ 2.) On November 7, 2025, Petitioner was re-arrested under the Notice to Appear filed on October 16, 2025. (*Id.*; see Rufegia Guerra Decl. (ECF No. 9-1) ¶¶ 8, 11.) The arrest that resulted in Petitioner's present detention occurred on November 7, which was after the Notice to Appear had been filed. While the Court makes no determination as to whether Petitioner has some sort of entitlement to relief under these facts, he has not shown that he is entitled to release.

Petitioner first cites to *Gerstein v. Pugh,* 420 U.S. 103 (1975), to support his argument. As articulated by the Ninth Circuit in *Gonzalez v. United States Immigration and Customs Enforcement,* the Supreme Court in *Gerstein* considered the legality of state law criminal procedures, which permitted a person arrested without a warrant and charged by a prosecutor's information to be jailed pending trail without any opportunity for a probable cause determination. 975 F.3d 788, 824 (9th Cir. 2020) (citing *Gerstein,* 420 U.S. at 116). The Supreme Court held that the procedure was unconstitutional and reasoned that "the Fourth Amendment requires judicial determination of probable cause as a prerequisite to extended restraint of liberty

following arrest." *Id.* (citing *Gerstein,* 420 U.S. at 114.) Such a determination must be "timely." *Id.* (citing *Gerstein,* 420 U.S. at 126.) In a subsequent decision, the Supreme Court further held that "[a]. . .judicial determination[ ] of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein.*" *Id.* (citing *County of Riverside v. McLaughlin,* 500 U.S. 44, 56 (1991)).

First, the Court rejects Respondent's argument that *Gerstein* is inapposite simply because it arose in the criminal context. (Amended Opp'n at 7.) In *Gonzalez*, the Ninth Circuit held that *Gerstein* applied in the civil immigration context – albeit in discussing immigration detainers – and explained that "[t]he Supreme Court confirmed long ago that any detention of a suspected alien must be based on consent or probable cause that the person is in fact an alien." 975 F.3d at 824. Applying the logic in *Gonzalez* and *Gerstein,* the Court finds that the fact that a Notice to Appear was filed hours after Petitioner was arrested does not implicate *Gerstein*.[2] Accordingly, the Court finds that Petitioner is unlikely to succeed on the merits of a Fourth Amendment claim.

Thus, Petitioner has not established shown serious questions or a likelihood of success on the merits. *See California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018) (stating that if a "movant fails to meet" the "threshold inquiry" of likelihood of success on the merits, the court need not consider the other factors.)

////

////

////

---

[2] Petitioner also cites generally to *Alcaraz v. INS,* 384 F.3d 1150 (9th Cir. 2004), for the proposition that an agency must follow statutory procedures before detention. (Mot. PI at 8.) In *Alcaraz,* the Ninth Circuit held that policy directives issued by the Attorney General and other immigration officials could legally circumscribe the Attorney General's otherwise broad discretion to administratively close noncitizen removal cases. *See id.* at 1161. In making this determination, the court explained that "[t]he legal proposition that agencies may be required to abide by certain internal policies is well-established." *Id.* at 1162. However, this decision does not suggest that release is the proper remedy for the circumstances in the instant case.

**CONCLUSION**

For the reasons discussed above, the Court DENIES Petitioner's Motion for Preliminary Injunction (ECF No. 17).  The matter is referred to the Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:  **December 19, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – DeLaTorre25cv01516.pi