UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL DE LA TORRE,

          Petitioner,

     v.

TODD M. LYONS, et al.,

          Respondents.

Case No.  1:25-cv-1516 DJC-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Raul De la Torre, a noncitizen in the custody of U.S. Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner argues that his detention violates various constitutional rights and the Administrative Procedure Act ("APA").  For the following reasons, this Court recommends that the petition be denied.

**I.      BACKGROUND**

The factual and procedural background previously presented in the district judge's November 19, 2025 order and December 19, 2025 order are incorporated herein.  (See ECF Nos. 16, 22.)  After briefing was submitted and a hearing was held on Petitioner's motion for a temporary restraining order, on November 19, 2025, the assigned district judge denied the motion and set a briefing schedule for Petitioner's motion for a preliminary injunction.  11/19/2025 Order

1

at 6-7. On December 19, 2025, the district judge denied Petitioner's motion for a preliminary injunction. (ECF No. 22.)  In its December 19, 2025 order, the district judge referred this action to the assigned Magistrate Judge for all further proceedings.  Id. at 6.  In response to the Court's scheduling order, Respondents filed a motion to dismiss and response to the petition and Petitioner filed his opposition to the motion and reply to the response to the petition.  (ECF Nos. 24, 26.)  Respondents did not file a reply to the opposition, and briefing is complete.  (See Docket.)

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner brings three claims against respondents alleging arbitrary and capricious agency action in violation of the APA, and for substantive and procedural due process claims in violation of the Fifth Amendment.  (See generally ECF No. 1.)  At the hearing on Petitioner's motion for a temporary restraining order, Petitioner also alleged a violation of the Fourth Amendment.  See 11/19/2025 Order at 4; 12/19/2025 Order at 4.  This Court focuses its analysis on new evidence or new arguments raised after the district judge's orders.  Petitioner did not submit any additional or new evidence with his merits briefing.  (See ECF No. 26.)  Though respondents submitted documents with its motion to dismiss that were not previously presented to the court, the underlying facts for which they are cited were previously presented to the court, including facts

related to Petitioner's October 2025 detention that prompted the first habeas action filed in the Northern District of California, Petitioner's November 2025 re-detention after the Northern District of California's order was vacated and that is the basis for this current habeas action, and the scheduling of Petitioner's March 9, 2026 immigration court hearing.  Compare Resp. MTD at 2-3, 5 (ECF No. 24) (citing Exhibits in ECF No. 25), with 12/19/2025 Order at 4 (describing October 2025 and November 2025 arrests); Resp. TRO Opp'n at 2 (ECF No. 9); Refugia Guerra Declaration ¶ 8 (ECF No. 9-1 at 2); Petr PI Mot. at 9 (ECF No. 17 at 9).  Petitioner also does not dispute the facts for which these documents were submitted.  (See ECF No. 26.)

Turning to new arguments, Petitioner cites to Svitlana Doe v. Noem, No. 1:25-CV-10495-IT, 2026 WL 77330, at *2 (D. Mass. Jan. 10, 2026), which was issued after the order denying the preliminary injunction issued in this case.  (ECF No. 26 at 3-4.)  The Svitlana Doe case addresses challenges to the Department of Homeland Security's ("DHS") "Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans" action, which was published in the Federal Register at 90 Fed. Reg. 58032 (Dec. 15, 2025).  This DHS action revoked previously granted parole and work authorization issued to noncitizens pursuant to various family reunification parole programs before the parole end dates.  2026 WL 77330, at *2.  The Svitlana Doe case is not applicable here because, among other reasons, the revocation of parole in that case was before the parole end date and a different regulatory provision—8 C.F.R. § 212.5(e)(2)(i)—applied.  Here, as previously addressed by the district judge, Petitioner continues to fail to present evidence that his parole was extended beyond the August 18, 1994 and October 27, 1994 dates in the Voluntary Departure I-210 Forms issued to Petitioner (ECF No. 3-5 at 17-19, 21-23; ECF No. 1-2 ).  See 11/19/2025 Order at 5-6.

In addition, Petitioner continues to fail to explain why 8 C.F.R. § 212.5(e)(1), which provides for automatic termination of parole without written notice when parole expires, does not apply.  Section 212.5(e)(1) provides:

> Automatic. Parole shall be automatically terminated without written
> notice (i) upon the departure from the United States of the alien, or,

(ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

The district judge also addressed this issue in his prior orders. See 11/19/2025 Order at 5-6; 12/19/2025 Order at 3. For the reasons previously identified by the district judge, this Court also finds that 8 C.F.R. § 212.5(e)(1) applies, not § 212.5(e)(2)(i), which applies to situations "not covered" by § 212.5(e)(1) and which requires written notice of the parole termination to the noncitizen. See 11/19/2025 Order at 5-6; 12/19/2025 Order at 3. Compare 8 C.F.R. § 212.5(e)(1), with 8 C.F.R. § 212.5(e)(2)(i).

Petitioner has not presented new evidence or argument as to the statutory basis for detention. For the reasons previously identified by the district judge, the Court also finds that § 1225(b)(2) applies because after the termination of Petitioner's parole pursuant to 8 U.S.C. § 1182(d)(5)(A), petitioner "was 'returned to the custody from which he was paroled.'" 12/19/2025 Order at 3 (quoting Villanueva v. Chestnut, No. 1:25-cv-01218-KES-HBK, 2025 WL 2996559, at *4 (E.D. Cal. Oct. 24, 2025)).

Petitioner has not presented new evidence or argument as to petitioner's due process claim. For the reasons previously identified by the district judge, the Court also finds that "Petitioner has not established a cognizable liberty interest." 12/19/2025 Order at 4.

In Petitioner's opposition to the motion and reply to the response to the petition, Petitioner does not address his Fourth Amendment claim, let alone present any new evidence or argument regarding it.[1] (See ECF No. 26.) Because this claim was not pled in the petition and Petitioner does not address it in his merits briefing, it is unclear whether a Fourth Amendment claim is still being asserted at the merits stage. (See ECF No. 1.) Even assuming that Petitioner is still asserting a Fourth Amendment claim based on DHS "arresting Petitioner prior to filing the Notice to Appear," Petitioner fails to address the district judge's finding that "[t]he arrest that resulted in

---

[1] Because the district court previously addressed the Fourth Amendment claim and Respondent had the opportunity to respond to this new claim, this Court also addresses the Fourth Amendment claim without finding that raising a new claim during the TRO hearing and in the preliminary injunction briefing is appropriate.

4

Petitioner's present detention occurred on November 7, [2025] which was after the Notice to Appear had been filed" on October 16, 2025. 12/19/2025 Order at 4. Petitioner also presents no explanation for how a Fourth Amendment claim based on his October 2025 arrest can be raised in this current habeas petition, which was filed after Petitioner was re-arrested and re-detained in November 2025. Therefore, to the extent a Fourth Amendment claim is still being asserted, the Court concludes that the claim fails.

## IV. CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED.

2. The Clerk of Court be directed to enter judgment for respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/dela.1516.25.fr-merits

5